May it please the Court, Ilan and Rosenjohn Faza, for Appellant Maurice Phillips. This case is about, it's pretty simple, it's a bed bug infestation resulting in bodily injury on an International Flight Accommodation Carrier. And whether the District Court overruled the Montreal Convention preemption to dismiss with prejudice a claim that is substantively within the Convention's liability framework or at a minimum should have been allowed to be amended. We ask the Court to reverse the dismissal order and remand the instructions to permit amendment or to properly construe the pleading so the merits can be adjudicated under the Montreal Convention framework. With respect to that second ask, I believe you conceded preemption or at least it's argued that you conceded that the Montreal Convention preempts the negligence claim and I guess I'm trying to understand what the scope of that is. If it were possible for us, setting aside the amendment question, to say that this is a Article 29 action for damages however founded in contract or tort, is that what you meant by preemption? In other words, that it brings in the claim or that it prevents the claim? We're trying to figure, if you conceded preemption in other words, how do we get to that second I understand. Let me rephrase and I think the simplest point is as pled in the complaint, I believe the Montreal Convention, without using the Montreal Convention keywords, the magic words, has been pled. And so we would just ask Your Honour or Your Honours to reverse the dismissal order and basically find that the Montreal Convention has been pled. But can we do that, I guess trying to understand what you meant by your concession that's preempted if you conceded in district court that yes, yes, Montreal Convention preempts these claims. Can we do that? I think we can. And just to fast forward to the end of my oral argument, I think the district court itself actually, by their ruling on the American Airlines summary judgment motion, they basically stated that as the complaint was stated, it fell within the confines of the Montreal Convention. So the same court, and I'll buy it, I believe it was a secondary judge that took over. But the same court basically, I don't want to say conflicted itself, but it gave inconsistent rulings. And so my concern is even one step beyond the one that my colleagues have been focusing on. I thought also that you conceded that at SER 49, that the complaint must allege specifically that the action is brought under the Montreal Convention. And whether that's true or not, you know, as a legal matter, is that a waiver of arguing to the contrary? I think in looking at the way that this opening brief was made, how do I say it? We're conceding that it could be, you know, in that fashion and that it should have been stated. But in the same token, just looking at it, it's essentially a strict liability. It is a strict liability claim. And given what has been pled, it should be enough without those magic words. So we are conceding that according to the convention, the way it reads, it is stated that it should say it. But I guess the real question is. Well, it says, I'm looking at what you filed. It says plaintiff concedes that the complaint in this action must allege that this action is brought pursuant to the Montreal Convention. I'm not sure it matters to the outcome if you should be allowed to amend, but why shouldn't we hold you to that waiver? I, just listening to what you're saying, Your Honor, I believe that may have been a drafting error and I really apologize. It's not normal. This is, I'm not used to being in front of the Court of Appeals, just to be honest. But it isn't what is, it isn't what's here. It's what you wrote in the district court and whether we should hold you to it or not. I understand. I don't believe that you should hold me to it. And I think. Why? Well, just in the same way that the court itself made inconsistent rulings, I mean, we're trying our best to just litigate a claim. And I recognize that I could have amended. And, you know, I was just thinking about it as I was listening to the prior case. I remember, I don't believe I brought this in the brief, but it's in the actual ruling that the court on the first go around had stated that it was very interestingly worded that if we felt it was needed to be amended, then we could. And just looking at it in the, I believe as pled, it's enough. But again, at a minimum, if not, then to add those magic words, we would ask for it to be amended. On that point, Mr. Gianfasa, do you understand? It's not clear to me what the Montreal Convention requires as a matter of pleading, setting aside this waiver issue. What would you intend to amend? And simply use the magic words? Is there such a thing as a Montreal Convention claim? Does it ride on, you know, an underlying tort or contract claim? What more do you think you need to do to bring it in with the Montreal Convention, assuming that this doesn't get you there? Given that this is my first and only Montreal Convention claim, from what I've read, I believe that there needs to be a claim made under the Montreal Convention. And what does that look like in terms of how you'd amend your complaint? I think it looks the same, to be honest. I think you just, from in speaking to a few colleagues, you literally would just put in the words, under the Montreal Convention, and then you would continue. And so, it's not something that is, you know, on a normal, in a normal case, you'd have, for instance, battery, IAED, things of that nature. It's just stating that under the Montreal Convention, and then it's all the same. That's my understanding of- The negligence claims and so forth is what your, the tort claims, basically? Yes, Your Honor. Okay. And, again, just, I do want to point out that, again, that even the district court itself on the American Airlines summary judgment claim specifically stated the court denies Americans motion as to the ability of plaintiffs to maintain a claim under the Montreal Convention. And so, I don't see how those go together, the two rulings. I also want to point out that the question that I believe that everybody should be asking is whether the pleaded facts state a claim within the Montreal Convention scope, not whether the complaint included an express treaty citation. And it's appellate's position that the complaint need not cite Montreal, the Montreal Convention explicitly, but, and the court could construe the complaint as alleging the claim where the facts fit, and here the complaint alleges, simply put, an on-board condition, bedbugs causing bodily injury. And that should be enough for the Montreal Convention. Again, if as pled, it is not, and we need those magic words, then I would ask for a leave to amend just to add those in, but I don't believe that plaintiffs' entire claim should be dismissed with prejudice as a result. It does seem that, at least in an unpublished disposition that we have previously thought in a non-precedential way, previously reasoned, that the district court could construe a negligence claim that would be a tort action that falls within the description of the Montreal claim as a Montreal claim without the magic words. Yes. It's just we've got this waiver issue, and of course that's not precedential, so we're trying to figure out what is the right answer in terms of, if we were to remand, how would we instruct the district court, what would the district court do next? Sure, and I guess if you're asking what relief we would want, I guess we would ask for the reversal of the dismissal with prejudice and remand with instructions to permit amendment, or in the alternative, to construe the complaint so the plaintiff can proceed under the Montreal Convention's framework. You have about four minutes left. Do you want to save time for rebuttal? Yes. Thank you. Please, thank you. Good morning, Your Honors. May it please the Court, Justin Schmidt for Defendant and Appellee British Airways. I'd like to reserve a minute of my time for rebuttal. Do you represent American Airlines also? I do not. Okay. Your Honor, American Airlines has been dismissed from this case. Yeah, okay. No, I just was curious if you represented both or only one? Never represented them and do not represent them today. Your Honor, your first question was about this waiver issue, and absolutely plaintiff conceded three things in the district court. One that he- Counsel, I'm sorry to interrupt you, but I'd like to actually ask you to address the questions that we sent in the focus order. Why isn't the state filing a sufficient filing to meet the two-year limitation under Article 29, which refers to any action for damages, however founded, whether under this convention or in contract or in tort or otherwise? It seems to sweep in everything. The claims are the same. The defendant, in this case, your client, is the same. Why isn't that timely? The reason it's not timely, your Honor, is because plaintiff did not plead a Montreal Convention claim. I wanted to spell something here. We've been using this term, magic words, as though he just has to say Montreal Convention and poof, that's all that matters. That is not the issue here. If you don't plead a claim under the Montreal Convention, courts, including the Supreme dismissed claims just like this when you do not plead a claim under the Montreal Convention. What more is required under Article 29? Point me to where in Article 29 anything more, perhaps just including magic words, is required in this complaint. What you need under Article 29 is to plead an actual claim under the Montreal Convention. This is an action for damages, whether in tort. What am I missing as I parse Article 29 that doesn't satisfy that requirement other than potentially magic words, although that's in the disjunctive? Right. What it doesn't satisfy is that the Montreal Convention claim is not simply a negligence claim. It is completely different. Just as if you were to plead, say, breach of contract and say, no, I actually meant that it was a negligence or strict liability claim. Counsel, I don't read it that way, and I'd like you to respond to why you disagree. As I read it, the convention is designed to say that if you are suing based on something that happened on a flight that is covered, you're limited by the amount that you can achieve. You're limited by the statute of limitations. But it doesn't really say that it's a separate claim. It just says whatever your claim is, it's subject to the limitations that are included herein. And that, to me, is quite different than requiring a specific separate claim. I mean, Article 29, to me, makes that crystal clear. And I don't understand how you read it differently. The reason it's different is that if you do not plead a claim under the Montreal Convention claim, courts are allowed to dismiss it on those grounds. Has this court ever held that? There have been numbers of dis... First of all, the U.S. Supreme Court... That's a yes or no question. Has this court ever held that you have to have a separate claim denominated as Montreal Convention as distinguished from an action for damages in tort, which is referred to in Article 29? Right. Not the way that you framed it, Your Honor. However, courts have dismissed claims repeatedly for the exact same reason, for not pleading a claim. They may have done so incorrectly. And if this court hasn't ruled on the issue, what is the convention-based, textual base for your argument? You would at least need to plead the facts that would fall under a Montreal Convention claim, which is different than a negligence claim. So you reference the Supreme Court. So what Supreme Court case are you talking about? LL Israel Airlines v. Singh. Okay. And is there a part of that case that you think supports what you're talking about here? LL held that the Montreal Convention exclusively governs all claims for personal injuries on international flights. We can stipulate to that. The issue is just here, the sufficiency of the pleading and the timing of it. So why wouldn't we look at this complaint and say it sounds in the kind of thing that's covered by the Montreal Convention, whether it says the words Montreal Convention or not? Because if you don't plead a claim under the Montreal Convention, it does not give the proper notice to the airline of what the claim is. Well, I think you have plenty of notice of what the claim is. Well, counsel, the claim- I mean, the claim is obvious. Yeah. It's not a complicated case. It's a tort case that happened on a plane. What more notice do you think you need? You need to actually plead the Montreal Convention elements here, and he did not plead them. What specific elements? What are the elements? Article 29 says, any action for damages, however founded, including in tort. So it seems to me that it's simply you have a negligence action here for something that happened on a flight. You had complete notice of that exact claim, and the legal issue is, is there a cap on damages? Is there a statute of limitations? It's like any other negligence claim that's subject to law. If you bring an ordinary negligence claim and there's a cap on damages in your state, that applies, and you don't have to say it in the complaint. Why isn't this just like that? You have the action for damages sounding in tort, and this is the law that applies to give you the parameters of what can be recovered. Why isn't that just ordinary? We're only focusing on Article 29. The elements are found in Article 17, where you have to plead specific elements that there is an accident, which is different than a negligence claim. You have to plead that that caused the bodily injuries, and bodily injuries are defined differently under the Montreal Convention than they are under an ordinary negligence claim. Negligence uses terms like duty, and proximate cause, and foreseeability. These terms are nonexistent in a Montreal Convention claim. It's a completely different liability scheme. There are good reasons for requiring an actual Montreal Convention claim versus just saying, I can say anything in a complaint as long as it's- I assume you're right about that. Here they did bring the claim within two years, and they don't necessarily want to add a new defendant or I don't think make any different factual allegations than they've already made. They just want to be able to proceed on the claim, even on your terms, that it be governed by all the rules and restrictions of the Montreal Convention. Why can they not file an amended complaint that just relates back? That's an excellent question, Your Honor. The reason for that is because the Montreal Convention's period of limitations, this court in Narayanan, this Ninth Circuit held the period of limitations in the Montreal Convention is not a statute of limitations. It is a statute of repose, and those are very different things. That is crucial to this case here. A statute of repose is a substantive right that belongs to the defendant, and it expires at the end of the two years. Well, but that doesn't help you- excuse me. That doesn't help you if the state court complaint is sufficient within the meaning of the Montreal Convention, because it was filed within the two years. So whatever you call it, whether you refer to it as a statute of limitations or a statute of repose, if you're within the time limit, it doesn't matter. We would respectfully disagree, Your Honor. There was no Montreal Convention claim on file within the two years. Well, I guess there's a little tension, I guess I'm picking it up, Mr. Schmidt, and this is kind of the inverse that I was discussing with Mr. Gianfasa, between asserting that the- both that the claim is preempted because the claims fall within the Montreal Convention, and then also asserting that the time is run because the claims don't fall within the Montreal Convention. It seems like if we're going to- I mean, maybe it's- it seems an odd way to read the convention that you need- you don't need magic words. You can look functionally at what the claims are brought for purposes of whether the convention preempts under Article 9, but you do need magic words to figure out whether there's actually a claim arising for purposes of timeliness. You need to file an actual Montreal Convention claim, and that wasn't done here within- But you said that the claim that- I think your arguments, again, setting aside this waiver issue, and these are arguments you've renewed in your answering brief, that this claim was- this complaint was preempted because it- by the Montreal Convention. In other words, it fell within the Montreal Convention. But you're also arguing that it doesn't plead a Montreal Convention claim, and I'm not sure why we would look at the same complaint differently for purposes of preemption versus for purposes of timeliness. If the Montreal Conve- if it is a claim that falls within the confines of the convention where it would produce liability under the convention, and you do not plead a Montreal Convention claim, it will- it will be dismissed. And those are two different things, okay. And you have- you have a two-year statute of repose. This court has held that that is a statute of repose. It cuts off after two years. Right, but I mean, I don't know that that answers the relation back issue, right? I mean, there's another circuit that's addressed this, the 11th Circuit. Yes. Do you ask us to disagree with it? Yes. Okay, so you ask us to create a split with it. We don't do that, you know, unless there's a good reason for it. So why is there error in the 11th Circuit decision? There's an excellent reason for that because the 9th Circuit has already held that the relation back doctrine does not apply to statutes of repose. Where did we- where did we hold that? We held that in- held it in Miguel versus Country Funding Corporation 309 F3D 1161 at 1164-365, which held that the statute of repose at issue in that case could not be extended by the relation back doctrine. In fact, Judge Kaplan of the Southern District of New York and Inouye Lehman Brothers, 800-F-SUP-2D-477 said, the Rules Enabling Act prohibits federal rules from enlarging substantive rights. In consequence, as a number of courts have stated, the Rule 15C relation back doctrine does not apply to statutes of repose, citing Miguel versus Country Funding Corporation, among another. I guess going back to- So you would have to overrule that. Well, I'm trying to understand, and Ryan, where we'd introduced this concept of the convention being a statute of repose, that seemed to- it seemed like there we were more concerned with, you know, when the clock started rather than when it stopped. In other words, there you had a claim that was- what they were asserting was that the injury could extend beyond the carriage. And there's a certain logic to that with respect to the purpose of the Montreal Convention. And so, therefore, the clock had to start once it was off the plane. It couldn't toll in that way. But here, again, it's a different question, isn't it? It's when the clock stops for purposes of bringing the claim. There's no dispute that this, unlike Narayanan, is dealing with a claim that arose and is asserted as accruing on the trip. Yes, Your Honor. However, the Ninth Circuit in Narayanan looked at the drafting history of the Warsaw Convention, the predecessor to the Montreal Convention. They went back through it, and they found that in reviewing this, that the two-year period of limitation, and they said, cannot be extended, tolled, or suspended by any local law of the forum. And a local law of the forum includes extensions like Rule 15c's Relation Back Doctrine. They quoted a- Counsel, how do you square that with the Chubb case? The Chubb case was entirely different. That case was a cargo case, and they were looking at an indemnity claim in the court. I believe, I don't have it right in front of me in the Chubb case, that the Relation Back Doctrine could apply in an indemnity claim, a different type of claim than was what's that issue here, not a rule or an Article 17 claim. Well, I'm not sure how that matters because I think that we held that the right to damages is a claim, the ability to assert a claim. So here, you've been brought to court within the two years, and the question is whether that is within the statute of repose slash limitations, regardless of how you view it. And it doesn't seem to preclude this. A statute of repose would not seem to preclude a different format for the claim. I guess I'm trying to figure out how it prevents a claim versus an action. Now, as we wrote in our brief, John, just to answer the Chubb question on this, on page 31, footnote 12, although this court in Chubb declined to follow MSAS's holding that the limitations period of Article 29 of the Warsaw Convention applied to bar third-party claims for indemnity, that's not an issue present in this case. And the court's ruling in Chubb, this is the important part, did not address the issue of relation back. The issue of relation back the Ninth Circuit has held does not apply to a statute of repose. So unless you overrule Narayanan's holding that the Montreal Convention's two-year period of limitations is a statute of repose, that's step one. Then you'd have to overrule Miguel that says the statute of repose and Rule 15's relation doctrine do not, cannot be combined. And Miguel involved, I know you're over your time, but we'll exhaust the questions and keep you going here. Miguel involved, I think, somebody wanting to add another defendant to the case, which presents a somewhat different consideration here if all they're doing is kind of changing the legal labeling and framing of the claim. They're not changing the allegations, factual allegations, not adding a new defendant. So do you think that makes a difference? I don't. It's whether or not you can incorporate mechanisms, procedural devices, such as this relation back doctrine onto a statute of repose. A statute of repose is substantive. A statute of limitations, on the other hand, is procedural. If you're using something like this relation back doctrine, this court has held and many other courts have held, a statute of repose cannot be used with those types of procedural devices because it is a substantive right that belongs to the defendant. A statute of repose is concerned only with the defendant's piece, not with all of these other factual issues that you just raised. Once the statute of repose is extinguished, it's done. If plaintiff in this case had wanted to amend before the statute of repose expired, he would be able to do so. He wouldn't need to use the relation back doctrine. He'd simply do so under Rule 15a, and the court would have granted that, and he could have amended. But once you get beyond that statute of repose, and if you don't have a Montreal Convention claim, that claim is extinguished, and that's exactly what happened here in this court. And if I may make a point just to get back to the concessions, plaintiff counsel is essentially not only asking you to overrule the district court. He's asking you to overrule himself. He conceded that he had to plead a Montreal Convention claim. He conceded that the motion to dismiss should be granted. All of these concessions this court has held are judicial admissions, and he didn't even bring any of those concessions up in his appellate brief. The Ninth Circuit has said a failure to bring up judicial admissions like that is grounds for affirmance. That alone is grounds for affirmance right there. I think we let you go over your time. I want to see if my colleagues have additional questions for you. Yes, Your Honor. No, thank you. Okay, Mr. Schmidt, thank you very much for your presentation, and we'll hear rebuttal. Thank you. Here's the reality. I'm not a perfect attorney, and I don't think any attorney is. The reality is we pled what we thought should be pled as just a normal attorney would. Plaintiffs come to attorneys for help. We do our best. To say that with Mr. Schmidt that just stated that I conceded and therefore it's judicial admissions and everything should be against me is wrong in the sense that I'm just reading what... I suppose that I should have used the words Montreal Convention, but looking at this complaint, the elements have been pled, and a negligence claim is a far more stricter standard. Then a strict liability claim, which the Montreal Convention is. All the Montreal Convention requires is an injury to take place on an international carrier, and there be some nexus. Do you think you'd have to plead? Your friend had mentioned you look at Article 17. It uses this term accident. There is some case law on that in terms of the injury. Would you have to reframe your allegations around that as opposed to... We've been talking about tort, but your allegations are actually negligence, and of course your damages would be different under the Montreal Convention, so would you at least have to change those things in your complaint, or are those things that are to be dealt with later on, not as a pleading matter? I think they're to be dealt with later on, Your Honor. I mean, again, it just goes back to a key word, accident. The point, though, is the way it looks is had I just said, under the Montreal Convention, plaintiff was injured by bedbugs on an international carrier, going from this destination to this destination on this date, and therefore we're good, we wouldn't be here. And I can tell you, knowing that, if I ever get another case such as this, that's the way I would plead it. And so all I'm saying, though, is this is not the type of law that is taught to anybody until they actually engage into it. Same would be true. For example, I think the complaint contains a punitive damages claim. You concede if this is a Montreal Convention claim that those are not recoverable. That is true. But again, the same court, its own court, district court, ended up saying for American Airlines, okay, we deny it. It falls under the Montreal Convention, the way as pled. So how could the same court have the same or inconsistent rulings on the same exact issue? And so again, I'm just – I believe that I can make this amendment, and I believe it's more procedural than substantive. The substantive issue is whether or not the plaintiff was injured on an international carrier, which this plaintiff was. And so again, to sum up – unless there are further questions, I'm sorry. Are there any further questions? No, not here. It appears not. Do you have a quick concluding remark? I was just going to say that to sum up, we're just asking for a reversal of the dismissal with prejudice and remand with instructions to permit either amendment or for the complaint as pled to be construed within the Montreal Convention's frameworks. Thank you. We thank both counsel for the briefing and argument. This case is submitted. Thank you. That concludes our calendar for this morning and also the oral argument calendar for this week. We want to thank Ms. Lawler for her service as a courtroom deputy and the court staff here at the Chambers Courthouse. We're adjourned.
judges: GRABER, BRESS, JOHNSTONE